# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Dion Garner

### DEFENDANTS
Thomas Hammond, Nicholas Verrecchio, City of

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Henry George, Esq. 1315 Walnut Street, 12th Floor
Phila. PA 19107 215-636-0160

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C §1983 and 1988

Brief description of cause:
Excessive Use of Force by Police

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $500,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 12/18/25

SIGNATURE OF ATTORNEY OF RECORD
/s/ Henry George

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Philadelphia, PA_

---

***RELATED CASE IF ANY:*** Case Number: _NONE_  Judge: _N/A_

1. Does this case involve property included in an earlier numbered suit?  Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☑ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

LAW OFFICE OF GREGORY J. PAGANO, P.C.
BY: HENRY GEORGE, ESQUIRE
Attorney I.D. No. 322481
1315 Walnut Street, 12TH Floor
Philadelphia, PA 19107
215-636-0160
hgeorge@paganolaw.net                **Attorney for Plaintiff Dion Garner**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DION GARNER**<br>**5307 Delancey Street**<br>**Philadelphia, PA 19143** | : <br> : <br> : <br> : | **CIVIL ACTION** |
| **Plaintiff** | : | **NO: 25-7141** |
| vs. | : <br> : | |
| **POLICE OFFICER THOMAS HAMMOND**<br>**Badge Number 3766**<br>**City of Philadelphia Law Department**<br>**1515 Arch Street, 14th Floor**<br>**Philadelphia, PA 19103**<br>and<br>**POLICE OFFICER NICHOLAS VERRECCHIO**<br>**Badge Number 2421**<br>**City of Philadelphia Law Department**<br>**1515 Arch Street, 14th Floor**<br>**Philadelphia, PA 19103**<br>and<br>**CITY OF PHILADELPHIA**<br>**Law Department**<br>**1515 Arch Street, 14th Floor**<br>**Philadelphia, PA 19103**<br>and<br>**POLICE OFFICER JOHN DOE #1**<br>and<br>**POLICE OFFICER JOHN DOE #2**<br>and<br>**POLICE OFFICER JOHN DOE #3**<br>**Defendants** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |

1

## COMPLAINT

1. This is a complaint for money damages brought pursuant to 42 U.S.C. §1983 and 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution, and under the Commonwealth of Pennsylvania Constitution. Jurisdiction is based upon 28 U.S.C. §1331 and 1343 and, pendent jurisdiction of this court to consider claims under state law.

## PARTIES

2. Plaintiff, Dion Garner is, at all times relevant to this Complaint, an adult resident of the City of Philadelphia, Pennsylvania and is presently fifty-two (52) years old.

3. Defendant, Police Officer Thomas Hammond, Badge No., 3766, (hereinafter "Hammond") is and was at all times relevant to this Complaint, a police officer with the City of Philadelphia Police Department and acting under the color of state law. He is sued both individually and in his official capacity.

4. Defendant, Police Officer Nicholas Verrecchio, Badge No. 2421, (hereinafter "Verrecchio") is and was at all times relevant to this Complaint, a police officer with the City of Philadelphia Police Department and acting under the color of state law. He is sued both individually and in his official capacity.

5. At all times relevant to this Complaint, Defendant Police Officer John Doe #1(hereinafter "Doe #1") was a police officer or supervisor employed by the City of Philadelphia Police Department and acting under color of state law being sued in both his/her individual and official capacity. Plaintiff does not presently know the name of this defendant but will seek leave to amend the Complaint so as to name the appropriate defendant after discovery.

6. At all times relevant to this Complaint, Defendant Police Officer John Doe #2 (hereinafter "Doe #2") was a police officer or supervisor employed by the City of Philadelphia Police Department and acting under color of state law being sued in both his/her individual and official capacity. Plaintiff does not presently know the name of this defendant but will seek leave to amend the Complaint so as to name the appropriate defendant after discovery.

7. At all times relevant to this Complaint, Defendant Police Officer John Doe #3 (hereinafter "Doe #3") was a police officer or supervisor employed by the City of Philadelphia Police Department and acting under color of state law being sued in both his/her individual and official capacity. Plaintiff does not presently know the name of this defendant but will seek leave to amend the Complaint so as to name the appropriate defendant after discovery.

8. Defendant The City of Philadelphia is a municipal corporation and the employer of the individually named defendants and John Doe defendants.

## FACTS

9. On or about December 21, 2023, Plaintiff, Dion Garner, was on his way home from visiting family in the hospital in the City and County of Philadelphia. As he reached Pine Street in the area of 57th Street, Defendants Hammond, Verrecchio, Doe #1, Doe #2, and/or Doe #3 questioned Plaintiff about a firearm.

10. Plaintiff responded to Defendants that he did not have a firearm.

11. Defendants Hammond, Verrecchio, Doe #1, Doe #2, and/or Doe #3 proceeded to arrest Plaintiff and charge him with criminal trespass of a property located on the 5800 block of Pine Street in Philadelphia, Pennsylvania.

3

12. In the course of Plaintiff's arrest, Defendants Hammond, Verreccchio, Doe #1, Doe #2, and/or Doe #3 punched Plaintiff in the face and tackled him to the ground. Once on the ground, Plaintiff's head was stomped on multiple times.

13. During the brutal attack, Defendants Hammond, Verrecchio, Doe #1, Doe #2, and/or Doe #3, knocked Plaintiff unconscious.

14. Due to the seriousness of Plaintiff's injuries, he was taken to the hospital while in police custody.

15. Plaintiff woke up in the hospital with severe pain to his head including but not limited to a broken nose, swollen and black eyes, and lacerations.

16. At the time of Defendants Hammond's Verrechio's, Doe #1's, Doe #2's, and/or Doe #3's conduct of punching and stomping Plaintiff in the face, Plaintiff had not committed any infraction to legally justify the amount of force used and there were not reasonable grounds to believe that use of force against Plaintiff was necessary.

17. Plaintiff was not charged with Resisting Arrest under Title 18 PA.C.S. §5104 at the time of this incident.

18. The conduct of Defendants Hammond, Verrechio, Doe #1, Doe #2, and Doe #3 was part of a custom, policy and/or practice of Defendant City of Philadelphia and these customs, policies or practices caused the violation of Plaintiff's rights.

19. As a direct and proximate cause of the actions of the Defendants Hammond, Verrecchio, Doe #1, Doe #2, and/or Doe #3, Plaintiff was hospitalized and suffered severe and permanent physical injuries as well as emotional and psychological harm.

<u>**COUNT I – EXCESSIVE FORCE**</u>
<u>**DION GARNER V. POLICE OFFICER THOMAS HAMMOND**</u>
<u>**PURSUANT TO 42 U.S.C. §1983**</u>

4

20. Paragraphs 1 through 19 of this Complaint are incorporated herein by reference.

21. On or about December 21, 2023, Defendant Hammond, without legal justification, acting alone, jointly and/or in concert with another, did with deliberate indifference use excessive force upon the Plaintiff, an unarmed person, by striking him in the face with his fists and feet while Plaintiff was defenseless on the ground. Plaintiff suffered pain and physical injuries to his head and face. Plaintiff suffered and continues to suffer physical injury and psychological injury as a result of Defendant Hammond's actions.

22. Defendant Hammond, acting under the color of state law, violated the Plaintiff's right to be free from the use of excessive force as guaranteed under the Fourth Amendment and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1983.

## COUNT II – EXCESSIVE FORCE
## DION GARNER V. POLICE OFFICER NICHOLAS VERRECCHIO
## PURSUANT TO 42 U.S.C. §1983

23. Paragraphs 1 through 22 of this Complaint are incorporated herein by reference.

24. On or about December 21, 2023, Defendant Verrecchio, without legal justification, acting alone, jointly and/or in concert with another, did with deliberate indifference use excessive force upon the Plaintiff, an unarmed person, by striking him in the face with his fists and feet while Plaintiff was defenseless on the ground. Plaintiff suffered pain and physical injuries to his head and face. Plaintiff suffered and continues to suffer physical injury and psychological injury as a result of Defendant Verrecchio's actions.

25. Defendant Verrecchio, acting under the color of state law, violated the Plaintiff's right to be free from the use of excessive force as guaranteed under the Fourth Amendment and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1983.

### COUNT III – EXCESSIVE FORCE
### DION GARNER V. POLICE OFFICER JOHN DOE #1
### PURSUANT TO 42 U.S.C. §1983

26. Paragraphs 1 through 25 of this Complaint are incorporated herein by reference.

27. On or about December 21, 2023, Defendant Doe #1, without legal justification, acting alone, jointly and/or in concert with another, did with deliberate indifference use excessive force upon the Plaintiff, an unarmed person, by striking him in the face with his fists and feet while Plaintiff was defenseless on the ground. Plaintiff suffered pain and physical injuries to his head and face. Plaintiff suffered and continues to suffer physical injury and psychological injury as a result of Defendant Doe #1's actions.

28. Defendant Doe #1, acting under the color of state law, violated the Plaintiff's right to be free from the use of excessive force as guaranteed under the Fourth Amendment and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1983.

### COUNT IV – EXCESSIVE FORCE
### DION GARNER V. POLICE OFFICER JOHN DOE #2
### PURSUANT TO 42 U.S.C. §1983

29. Paragraphs 1 through 28 of this Complaint are incorporated herein by reference.

30. On or about December 21, 2023, Defendant Doe #2, without legal justification, acting alone, jointly and/or in concert with another, did with deliberate indifference use excessive force upon the Plaintiff, an unarmed person, by striking him in the face with his fists and feet while Plaintiff was defenseless on the ground. Plaintiff suffered pain and physical injuries to his head and face. Plaintiff suffered and continues to suffer physical injury and psychological injury as a result of Defendant Doe #2's actions.

31. Defendant Doe #2, acting under the color of state law, violated the Plaintiff's right to be free from the use of excessive force as guaranteed under the Fourth Amendment and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1983.

**COUNT V – EXCESSIVE FORCE**
**DION GARNER V. POLICE OFFICER JOHN DOE #3**
**PURSUANT TO 42 U.S.C. §1983**

32. Paragraphs 1 through 31 of this Complaint are incorporated herein by reference.

33. On or about December 21, 2023, Defendant Doe #3, without legal justification, acting alone, jointly and/or in concert with another, did with deliberate indifference use excessive force upon the Plaintiff, an unarmed person, by striking him in the face with his fists and feet while Plaintiff was defenseless on the ground. Plaintiff suffered pain and physical injuries to his head and face. Plaintiff suffered and continues to suffer physical injury and psychological injury as a result of Defendant Doe #3's actions.

**COUNT VI – CONSPIRACY TO COMMIT EXCESSIVE FORCE**
**DION GARNER V. POLICE OFFICER THOMAS HAMMOND, POLICE OFFICER NICHOLAS VERRECCHIO, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, AND POLICE OFFICER JOHN DOE #3**
**PURSUANT TO 42 U.S.C. §1983**

34. Paragraphs 1 through 33 of this Complaint are incorporated herein by reference.

35. On or about December 21 2023, Defendants, Hammond, Verrecchio, Doe #1, Doe #2 and Doe #3, acting under the color of state law, acted jointly and/or in concert and conspiracy, with one another, did with deliberate indifference use excessive force upon the Plaintiff, an unarmed person, by punching and stomping Plaintiff's head, while he was defenseless on the ground causing serious and permanent injuries to his head and face.

36. The Defendants, acting under the color of state law, and in conspiracy with each other, violated the Plaintiff's right to be free from the use of excessive force. The Defendant Police Officers violated the Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1983.

**COUNT VII: FALSE ARREST**
**DION GARNER V. POLICE OFFICER THOMAS HAMMOND, POLICE OFFICER NICHOLAS VERRECCHIO, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, AND POLICE OFFICER JOHN DOE #3**
**PURSUANT TO 42 U.S.C. §1983**

37. Paragraphs 1 through 36 of this Complaint are incorporated herein by reference.

38. Defendants, Hammond, Verrecchio, Doe #1, Doe #2 and Doe #3, unlawfully, without probable cause or legal justification, while acting under the color of state law, falsely arrested and unlawfully detained the Plaintiff, and charged him with Criminal Trespass in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. §1983.

39. As the direct and proximate cause of Defendant Police Officer's unlawful actions, the Plaintiff suffered harm, injuries, emotional pain, and suffering.

**COUNT VIII: MALICIOUS PROSECUTION**
**DION GARNER V. POLICE OFFICER THOMAS HAMMOND, POLICE OFFICER NICHOLAS VERRECCHIO, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, AND POLICE OFFICER JOHN DOE #3**
**PURSUANT TO 42 U.S.C. §1983**

40. Paragraphs 1 through 39 of this Complaint are incorporated herein by reference.

41. Defendants, Hammond, Verrecchio, Doe #1, Doe #2 and Doe #3, did with deliberate indifference, and acting under the color of state law, falsely arrested and falsely charged Plaintiff with Criminal Trespass in an effort to cover up their own misconduct. Knowing

that there was no probable cause to arrest Plaintiff for any criminal conduct amounts to malicious prosecution.

42. As a direct and proximate result of the action of Defendants, Hammond, Verrecchio, Doe #1, Doe #2 and Doe #3, the Plaintiff's rights were violated under the Fourth and Fourteenth Amendments to the United States Constitution as well as 42 U.S.C. Section 1983. The Plaintiff suffered the loss of his physical liberty and suffered the emotional and psychological harm as a result of this violation.

### COUNT IX: CONSPIRACY TO COMMIT FALSE ARREST
### DION GARNER V. POLICE OFFICER THOMAS HAMMOND, POLICE OFFICER NICHOLAS VERRECCHIO, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, AND POLICE OFFICER JOHN DOE #3
### PURSUANT TO 42 U.S.C. §1983

43. Paragraphs 1 through 42 of this Complaint are incorporated herein by reference.

44. Defendants, Hammond, Verrecchio, Doe #1, Doe #2 and Doe #3, while acting under the color of state law, unlawfully conspired, to arrest, detain and charge the Plaintiff without probable cause or legal justification, violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution as well as 42 U.S.C. §1983.

45. As the direct and proximate cause of Defendant Police Officer's unlawful actions, the Plaintiff suffered harm, emotional pain and suffering.

### COUNT X - CITY OF PHILADELPHIA
### PURSUANT TO 42 U.S.C. §1983

46. Paragraphs 1 through 45 are incorporated herein by reference as though fully set forth.

47. Prior date of this incident, the City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of

individuals during the course of arrests, including the policy regarding use of force, which caused a violation of Plaintiff's rights in this case.

48. It was the policy and/or custom of the City of Philadelphia to inadequately and improperly investigate claims that the Philadelphia Police had used excessive force, as well as engaged in unlawful arrests of individuals while officers were acting under the color of state law.

49. It was the policy and/or custom of the City of Philadelphia to inadequately supervise, train, retrain, and discipline its police officers, including Defendants Hammond, Verrecchio, Doe #1, Doe #2, and Doe #3, engaged in excessive force, and false arrests, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of Philadelphia did not require appropriate in-service training or retraining of its officers who were known to have engaged in use of excessive force, and false arrests.

50. As a result of the above-described policies and customs, police officers of the City of Philadelphia, including Defendants Hammond, Verrecchio, Doe #1, Doe #2, and Doe #3, believe that their actions would not be properly monitored by supervisory officers, and that the misconduct, including the use of excessive force, deadly force, and false arrest, would not be investigated or sanctioned, but would be tolerated.

51. The above-described policies and customs demonstrate a deliberate indifference on the part of the policymakers of the City of Philadelphia, to the constitutional rights of persons within the City, specifically, the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. Section 1983, and were the cause of the violations of Plaintiff's rights alleged therein.

WHEREFORE, the Plaintiff requests the following relief in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00):

    (a)    Compensatory damages to the Plaintiff against the Defendant Police Officers and City of Philadelphia jointly and severally;

    (b)    Punitive damages to the Plaintiff against the Defendant Police Officers jointly and severally;

    (c)    Reasonable attorney's fees and costs to the Plaintiff pursuant to Section 42 U.S.C. §1988;

    (d)    Such other and further relief as appears reasonable and just.

/s/ Henry George, Esquire
Henry George, Esquire
Attorney for Plaintiff